**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANDERS HANSEN,

        Plaintiff,

v.                                     Case No. 3:16-cv-837-J-34PDB

JEFFREY FRANKLIN BURCHETT and
JUSTIN DONALD SHORT,

        Defendants.
_____/

## O R D E R

      **THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited

jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction.

See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This

obligation exists regardless of whether the parties have challenged the existence of subject

matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir.

1999) ("it is well settled that a federal court is obligated to inquire into subject matter

jurisdiction sua sponte whenever it may be lacking").  "In a given case, a federal district court

must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a

specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3)

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading, Corp., 128

F.3d 1466, 1469 (11th Cir. 1997).

      On June 27, 2016, Defendants Jeffrey Franklin Burchett and Justin Donald Short filed

a notice of removal notifying the Court of their intent to remove this action to the United

States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action. <u>See</u> Notice of Removal (Doc. 1; Notice) at 1-2.  Specifically, Defendants assert that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441. <u>See id.</u>  In support of this assertion, Defendants declare that "Plaintiff is a <u>resident</u> of the State of Florida," and that Defendants "are <u>non-residents</u> of the State of Florida, and <u>reside</u> in Jefferson, Ashe County, North Carolina." <u>Id.</u> at 2 (emphasis added).  However, these allegations do not adequately identify the <u>citizenship</u> of Plaintiff or Defendants, and the Complaint (Doc. 2) does not offer sufficient additional information to satisfy the Court's jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." <u>Univ. of S. Ala.</u>, 168 F.3d at 412.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. <u>See</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

Because the Notice discloses each party's residence, rather than his domicile or state of citizenship, the Court finds that Defendants have not alleged the facts necessary to establish the Court's jurisdiction over this case.  "Citizenship, <u>not residence</u>, is the key fact

that must be alleged in the complaint to establish diversity for a natural person." <u>Taylor</u>, 30

F.3d at 1367 (emphasis supplied); <u>see also</u> <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490

U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

In light of the foregoing, the Court will give Defendants an opportunity to establish

diversity of citizenship between the parties and that this Court has jurisdiction over the

action.[1]  Accordingly, it is **ORDERED**:

Defendants shall have until **July 15, 2016**, to provide the Court with sufficient

information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 29th day of June, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
<u>Pro</u> <u>Se</u> Parties

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  <u>See</u> <u>McCormick</u>, 293 F.3d at 1257; <u>see also</u> <u>Taylor</u>, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").